# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DONALD C. ODOMS, | Case No. 6:19-cv-00074-SU |
| Petitioner, | **ORDER** |
| v. | |
| BOARD OF PAROLE AND POST-PRISON SUPERVISION, | |
| Respondent. | |

**IMMERGUT, District Judge.**

Magistrate Judge Sullivan issued a Findings and Recommendation (ECF No. 26) on January 3, 2020, recommending that the Court deny Petitioner Donald C. Odoms' ("Odoms") Habeas Corpus Petition. Odoms timely filed objections (ECF No. 28). The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). For the reasons set forth below, this Court ADOPTS Judge Sullivan's Findings and Recommendation, with one factual correction.

## STANDARD OF REVIEW

Pursuant to the Federal Magistrates Act ("Act"), as amended, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate

PAGE 1 – ORDER

judge." 28 U.S.C. § 636(b)(1)(C). If a party timely files an objection to a portion of the magistrate judge's findings and recommendation, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendation to which the objection is made." *Id.*

For those portions of a magistrate judge's findings and recommendation to which neither party objects, the Act does not prescribe a standard of review. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

## DISCUSSION

This Court has reviewed Judge Sullivan's Findings and Recommendation and concludes that she properly denied habeas relief on grounds one, two, and four because the state court's rejection of Odoms' due process claims was neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). Judge Sullivan properly construed grounds one, two, and four as due process challenges to the Oregon Board of Parole and Post-Prison Supervision's ("board") decision to defer Odoms' parole release date and correctly held that the board provided the due process protections required under *Swarthout v. Cooke*, 562 U.S. 216 (2011).[1]

---

[1] In *Swarthout*, the Supreme Court held that the due process protections in a parole eligibility hearing are limited to the opportunity to be heard and a statement of reasons why parole is denied, and it is "no federal concern" whether a state parole board properly followed state-prescribed procedures. 562 U.S. at 220-22.

PAGE 2 – ORDER

To the extent that Odoms argues that *Swarthout* does not apply, or that the decision in *Morrissey v. Brewer*, 408 U.S. 471, 488-89 (1972) setting forth the due process protections for parole *revocation* hearings guarantees him greater procedural protections, his objection lacks merit. *See Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex*, 442 U.S. 1, 9-11 (1979) (holding that for purposes of due process requirements, parole release and parole revocation are not the same). In this regard, the Court notes that the propriety of the board's *revocation* of Odoms' parole in 2013 is not at issue in this proceeding. Rather, Odoms challenges the board's 2017 decision to defer his tentative parole release date. *See* Pet'r's Habeas Pet. (ECF No. 2) at 1, Resp't Exs. (ECF No. 21), Ex. 111 at 8-10.

Judge Sullivan also correctly held that Odoms' *ex post facto* claim premised on Or. Admin. R. 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, increasing the permissible time between parole release hearings, is not cognizable because success "would result only in speedier parole consideration and not necessarily speedier release." Findings and Recommendation at 4. Odoms' objection to this finding lacks merit. *See Gordon v. Premo*, 757 F. App'x 627, 627-28 (9th Cir. 2019) (holding that an increase in the time between parole release hearings is not cognizable on habeas review).

Further, Odoms' assertion that his *ex post facto* claim is cognizable because psychological evaluations were not permitted in 1988 and therefore success on his *ex post facto* claim would result in a speeder release, lacks merit due to its faulty premise. As the board noted in Administrative Review Response 11, the board was permitted to consider psychological evaluations at parole release hearings in 1988 pursuant to OR. ADMIN. R. 255-60-006(1) & (7) (1988). Resp't Ex. 110 at 3; *see also* OR. REV. STAT. 144.223 (1987) (providing that the board "may require any prisoner being considered for parole to be examined by a psychiatrist or psychologist before being released on parole).

PAGE 3 – ORDER

Odoms' objection to Judge Sullivan's quotation of Board Action Form 28 is well taken. At page eight of the Findings and Recommendation, Judge Sullivan states: "Specifically, the Board noted, 'On July 17, 2006, Dr. H.F. Shellman attempted to evaluate the inmate for purposes of his hearing.'" Findings and Recommendation at 8. The correct date is June 17, 2016. *See* Resp't Ex. 103 at 192. This correction, however, does not change the proper resolution of the proceeding.

## CONCLUSION

This Court has reviewed *de novo* the portions of Judge Sullivan's Findings and Recommendation to which Odoms' objected. This Court ADOPTS the Findings and Recommendation (ECF No. 26), with the correction of the date referenced at page eight to June 17, 2016. The Court DISMISSES this proceeding, with prejudice, and DENIES a certificate of appealability because Odoms has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 31st day of January, 2020.

Karin J. Immergut
United States District Judge

PAGE 4 – ORDER